UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABBAS CORPORATION (PVT) LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL AZIZ ORIENTAL RUGS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 1:14-mc-91053-TSH |

## ORDER RE: MOTION OF NON-PARTY HOME INTERIORS CORP. TO INTERVENE
July 14, 2014

**HILLMAN, J.**

Home Interiors Corp. ("Home Interiors"), a non-party to this case, has moved to intervene as a defendant, either as of right or permissively, pursuant to Fed. R. Civ. P. 24(a) and 24(b). The dispute between plaintiff, Abbas Corporation ("Abbas") and Home Interiors involves who should have priority to defendant Michael Aziz Oriental Rugs, Inc.'s ("Aziz") assets. Abbas seeks to register a judgment obtained against Aziz in the United States District Court for the Southern District of New York in October, 2012, for the amount of $438,517.92. Home Interiors claims priority over Abbas from a security interest in Aziz's assets that they purchased from Valley National Bank in June of 2012. Part of the assets sought by the parties includes a $136,000 debt owed to Aziz by Arthur T. Gregorian, Inc. ("Gregorian"), a rug retailer located in Newtown Lower Falls, Massachusetts. Abbas contests intervention by asserting that Home Interiors has no legitimate interest relating to this litigation.

While recognizing Abbas' concerns regarding Home Interiors' potential "alter ego" status, I am required, at this preliminary stage, to accept allegations made in support of intervention as true rather than considering the ultimate merits. See e.g. Southwest Ctr. for Biological Diversity v. Berg, 819-20 (9th Cir. 2001); Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. 1998). Home Interiors' motion to intervene as of right is hereby granted because: (1) on a timely motion, they have plead a sufficient interest relating to the subject matter of this action; (2) disposing of this action may impede Home Interiors' ability to safeguard its interest and; (3) on the record before me, Home Interiors' interests in this litigation are not adequately represented. Fed. R. Civ. P. 24(a); Candelario-Del-Moral v. UBS Fin. Servs. (In re Efron), 746 F.3d 30, 35 (1st Cir. 2014).

Therefore, this Court grants non-party Home Interiors' motion to intervene as of right as a defendant in this case. The parties are ordered to confer and prepare a proposed scheduling order that addresses an abbreviated discovery schedule for resolving the issue of Home Interiors' "alter ego" status. The court will hold a status conference on July 21, 2014 at 10:15 a.m. Counsel are invited to attend telephonically by contacting Lisa Belpedio for the conference information.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**